UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MERCEDES MATAMOROS, individually )    Case No.S:11-CV-01734 JAM-EFB
and as the representative of the )
Estate of Juan Matamoros,           )    **AMENDED PRETRIAL**
                              )    **CONFERENCE ORDER**
                Plaintiff,  )
                              )
    v.                       )
                              )
RONALD SOSNOWSKI and DOES 1     )
through 50, inclusive,         )
                              )
              Defendants.  )
                              )
                              )
_____ )

     Pursuant to court order, a Pretrial Conference was held on

August 17, 2012 before Judge John Mendez.  Douglas A. Gessell

appeared as counsel for plaintiff; Peter H. Cuttitta appeared as

counsel for defendant.  After hearing, the court makes the

following findings and orders:

I.   <u>JURISDICTION/VENUE</u>

     Jurisdiction is predicated upon 28 U.S.C. § 1332(a)(2), and

has previously been found to be proper by order of this court, as

has venue.  Those orders are confirmed.

///

1

## II.   JURY/NON-JURY

Both parties have demanded a jury trial.

## III.   STATEMENT TO BE READ TO JURY

Seven (7) days prior to trial the parties shall E-file a joint statement of the case that may be read to the jury at the beginning of jury selection.

## IV.   UNDISPUTED FACTS

The following facts are undisputed:

1.   Plaintiff, MERCEDES MATAMOROS, is the mother of the deceased, Juan Matamoros-Flores.

2.   Juan Matamoros-Flores was the only child of Plaintiff, MERCEDES MATAMOROS.

3.   Juan Matamoros-Flores was born on March 11, 1986, and was age 25  at the time of the accident.

4.   Juan Matamoros-Flores was employed by the Squeeze Inn restaurant as of the date of the accident.

5.   Wire transfers between the deceased, Juan Matamoros-Flores, and his mother between April 2009 and April 2011 total $7,945.00  Average annual contributions by the deceased to his mother were $3,972.50, or $331 per month.

6.   On April 17, 2011, at approximately 8:10 p.m., Juan Matamoros-Flores was walking westbound with his back to traffic along Donner Pass Road, in Truckee, California.

7.   At the time of the accident it was dark outside, and rain was falling.

8.   At the location of the accident, pavement markings on Donner Pass Road were faint and difficult to see from a moving vehicle.

9.   There was no pedestrian cement sidewalk in the general area of the accident.

10.   At the time of the accident Juan Matamoros-Flores was wearing a dark jacket, dark jeans and white shoes.

11.   The records for the cell phone Juan Matamoros was carrying at the time of the accident, show an outgoing call beginning at 7:48 p.m. and ending at 8:05 p.m.

12.   From approximately 6:00 to 8:00 p.m., the Defendant, RONALD SOSNOWSKI and his wife, BARBARA, ate dinner, and consumed wine, at a restaurant in downtown Truckee approximately 2 miles from the scene of accident.

13.   Defendant SOSNOWSKI drove his 2003 Mercedes sport utility vehicle from the restaurant westbound on Donner Pass Road to the place where the accident occurred.

14.   Defendant SOSNOWSKI was operating his vehicle at a speed below the posted speed limit of 35 miles per hour immediately before the accident.

15.   The vehicle driven by Defendant SOSNOWSKI struck Juan Matamoros-Flores.

16.   Immediately following the accident, Barbara Sosnowski, the wife of Defendant SOSNOWSKI called 911 and rendered aid to the injured pedestrian.

17.   The Truckee Police and other emergency personnel responded to the accident scene.

18.   Prior to 8:41 p.m., Officer Woodard of the Truckee Police Department administered a field sobriety test to Defendant SOSNOWSKI.

1   19.   At approximately 8:41 p.m., Officer Woodard of the

2   Truckee Police Department administered a preliminary alcohol

3   screening device test to Defendant SOSNOWSKI which showed a blood

4   alcohol level of .112.

5   20.   At approximately 8:48 p.m., the Truckee Police arrested

6   Defendant SOSNOWSKI for driving under the influence of alcohol.

7   21.   Defendant SOSNOWKSKI subsequently underwent a test of his

8   blood at approximately 9:12 p. m., which identified his blood

9   alcohol level at that time as 0.12%.

10   22.   As a result of the impact with the SOSNOWSKI vehicle,

11   Juan Matamoros-Flores died on April 18, 2011.

12   23.   The medical expenses incurred by Juan Matamoros-Flores as

13   a result of the accident in the amount of $92,071.08, were

14   reasonable and necessary.

15   24.   At the time of the accident, Defendant SOSNOWSKI had a

16   blood alcohol level in excess of 0.08%.

17   25.   Defendant SOSNOWSKI admits partial responsibility for the

18   accident.

19   26.   The photographs and videotapes of the accident scene and

20   the involved vehicle made by the Truckee Police Department on the

21   date of the accident, and the subsequent day and evening are

22   accurate representations of the scenes depicted at the time the

23   photographs and videos were taken.

24   27.   The following documents are deemed authentic:

25          a.   Medical records for Juan Matamoros

26          b.   Cell phone records for Juan Matamoros

27          c.   Cell phone records for Ronald Sosnowski

28          d.   Cell phone records for Barbara Sosnowski

1      e.   Cell phone records for Alec Sosnowski

2      f.   Toxicology records for Juan Matamoros

3      g.   Toxicology records for Ronald Sosnowski

4      h.   Receipt from Pianeta Restaurant dated April 17, 2011

5      i.   Wire transfer records for Tempo Financial

6      j.   Subpoenaed employment records for Juan Matamoros

7  V.   DISPUTED FACTUAL ISSUES

8  1.   The comparative fault of the pedestrian, including:

9      a.   the position of the pedestrian upon the roadway

10         immediately before, and at the time of the accident;

11      b.   his visibility to oncoming traffic immediately

12         before the accident; and

13      c.   The effect of the pedestrian's alcohol level upon

14         his conduct at the time of the accident.

15  2.   The degree of fault to be assessed against Defendant

16  SOSNOWSKI, including:

17      a.   The position of Defendant SOSNOWSKI's vehicle on the

18         roadway immediately before, and at the time of, the

19         accident;

20      b.   The quantity of wine consumed by Defendant

21         SOSNOWSKI at dinner on the evening of the accident;

22      c.   Whether or not Defendant SOSNOWSKI was impaired by

23         alcohol at the time of the accident; and

24      d.   Whether or not any alcohol impairment from which

25         Defendant SOSNOWSKI may have suffered caused or

26         contributed to the accident.

27  3.   The amount of Plaintiff's damages.

28

VI.   DISPUTED EVIDENTIARY ISSUES

1.   The admissibility of any evidence of the defendant's blood alcohol level at the time of the accident, in light of his admission that his blood alcohol level was in excess of .08% at that time.  This issue should be resolved by motion in limine.

2.   The admissibility of evidence relating to Defendant SOSNOWSKI's plea of no contest to, and conviction of, a charge of driving a motor vehicle while having a blood alcohol level in excess of .08%. This issue should be resolved by motion in limine.

3.   The admissibility of any testimony by Raymond C. Kelly, Ph.D. regarding the retrograde analysis which he performed in this case pursuant to Rule 702 of the Federal Rules of Evidence, and *Daubert v. Merrell Dow Pharmaceuticals, Inc*. (1993) 509 U.S. 579. This issue should be resolved by motion in limine.

4.   The admissibility of testimony by Ted Kobayashi that "there does not appear to be a reason for Mr. Matamoros to cross the road at that location" (report, p. 4); that the defendant failed to exercise reasonable care (report, p. 5), or that the defendant "should have been able to stop or slow" (report, p.5). These issues should be resolved by motion in limine.

5.   The admissibility of testimony by Raymond Kelly, Ph.D. regarding the standard of care for motorists. This issue should be resolved by motion in limine.

6.   The admissibility of evidence regarding Defendant SOSNOWSKI's financial status as part of any claim on the part of the Plaintiff for the recovery of exemplary damages. California Civil Code section 3295(a) expressly provides that the court may, for good cause, grant any defendant a protective order requiring

1   the plaintiff to produce evidence of a prima facie case of

2   liability for exemplary damages pursuant to Section 3294 prior to

3   the introduction of evidence of the financial condition of the

4   defendant. This issue should be resolved by motion in limine.

5        7.   The admissibility of evidence relating to the decedent's

6   pain and suffering following the accident.  Section 377.34 of the

7   California Code of Civil Procedure expressly bars the recovery of

8   such damages.  This issue should be resolved by motion in limine.

9        8.   The amount Plaintiff may recover for the deceased's post-

10  accident medical expenses. *Howell v. Hamilton Meats & Provisions,*

11  *Inc. (2011)* 57 Cal. 4th 541; 257 P. 3d 81, provides that to the

12  extent that Plaintiff's decedent's expenses for medical care and

13  services have been paid, either by Plaintiff or by an independent

14  source, the maximum amount the plaintiffs may recover for that care

15  is the amount paid, and accepted as payment in full, by the medical

16  care provider, despite the fact that it is less than the prevailing

17  market rate or rates otherwise charged by the provider for that

18  same care or those same services.

19       9.   The admissibility of evidence relating to Defendant

20  Sosnoski's insurance coverage.  This issue should be resolved by

21  motion in limine.

22       10.  The admissibility of the immigration status of Juan

23  Matamoros-Flores.  This issue should be resolved by motion in

24  limine.

25       11.  The admissibility of testimony by Robert Snook regarding

26  whether the injuries to Juan Matamoros-Flores are consistent with

27  the speed and direction of impact.  This issue should be resolved

28  by motion in limine.

1    12.   The admissibility of expert opinions that do not rise to
2    the level of medical/scientific probability.   This issue should be
3    resolved by motion in limine.

4    13.   The admissibility of evidence regarding witness Barbara
5    Sosnowski's impairment by alcohol or the lack of same.   This issue
6    should be resolved by motion in limine;

7    14.   The admissibility of all or any portion of the audiotape
8    of the California DMV's Hearing regarding the revocation/suspension
9    of Defendant Sosnowski's driver's license.   This issue should be
10   resolved by motion in limine;

11   15.   Because expert discovery was not completed by the date
12   of this Order, the parties agree that other motions in limine
13   relating to the admissibility of expert testimony only identified
14   as being potentially problematic during those depositions may be
15   appropriate.

16   16.   The admissibility of any testimony or evidence that
17   Sosnowski may have a blood alcohol level at or below .08%.   This
18   issue should be resolved by a motion in limine.

19   17.   The admissibility of any testimony or evidence by Robert
20   Snook that Juan Matamoros was crossing the street at the time of
21   the accident.   This issue should be resolved by a motion in limine.

22   18.   Thye admissibility of any testimony or evidence by Jeff
23   Zehnder regarding the procedures used by Officer Woodward in
24   determining Ronald Sosnowski's blood alcohol level and level of
25   alcohol impairment.   The issue should be resolved by a motion in
26   limine.

27                    VII.   RELIEF SOUGHT
28   Plaintiff is seeking only compensatory damages (both economic

8

1  and non-economic) damages.

2               VIII.  <u>POINTS OF LAW</u>

3      Trial briefs shall be E-filed with the court no later than

4  seven (7) days prior to the date of trial, i.e., September 17,

5  2012. Any points of law not previously argued to the Court should

6  be briefed in the trial briefs.

7               IX.  <u>ABANDONED ISSUES</u>

8      A.    The Plaintiff has abandoned any claim to lost future

9  economic support and punitive damages.

10      B.    The Defendant has abandoned the following affirmative

11  defenses:

12          1.   The negligence of third parties bars recovery

13          entirely, or alternatively requires an allocation of non-

14          economic damages;

15          2.   That the Complaint fails to state facts sufficient

16          to constitute a claim for relief;

17          3.   Failure to mitigate damages;

18          4.   Assumption of the risk; and

19          5.   That the Plaintiff is not entitled to recover non-

20          economic damages pursuant to Civil Code section 3333.4

21          ("Proposition 213").

22               X.  <u>WITNESSES</u>

23      Plaintiff and Defendant anticipate calling the following

24  witnesses:

25          1.   Mercedes Matamoros

26          2.   Ronald Sosnowski

27          3.   Barbara Sosnowski

28          4.   Alec Sosnowski

1      5.   Myriam Imelda Lopez; Mexico City, Mexico

2      6.   Larry Hahn, Truckee, CA

3      7.   Lara Mueller, 11732 Donner Pass Road, Truckee, CA 96161

4      8.   Anayeli Ayala, 1011 Roop Street, Apt. #1101, Carson City,

5  NV 89701

6      9.   Lorena Gonzalez, 11732 Donner Pass Road, Truckee, CA

7  96161

8      10.  Julio Castellanos, 11732 Donner Pass Road, Truckee, CA

9  96161

10     11.  Oscar Castellanos, 11732 Donner Pass Road, Truckee, CA

11 96161

12     12.  Alejandra Cuevas, 11732 Donner Pass Road, Truckee, CA

13 96161

14     13.  Sydnee Rogers, Nerds on Call, 1733 Oregon Street,

15 Redding, CA 96001

16     14.  Robert Womack: Truckee Police Department, 10183 Truckee

17 Airport Road, Truckee, CA 96161

18     15.  William Mardison: Truckee Police Department, 10183

19 Truckee Airport Road, Truckee, CA 96161

20     16.  Ryan Moreau: Truckee Police Department, 10183 Truckee

21 Airport Road, Truckee, CA 96161

22     17.  Cory Woodard: Truckee Police Department, 10183 Truckee

23 Airport Road, Truckee, CA 96161

24     18.  Mark Victors: Truckee Police Department 10183 Truckee

25 Airport Road, Truckee, CA 96161

26     19.  Jarrad Fowler: Truckee Fire Protection District, 10049

27 Donner Pass Road, Truckee, CA 96161

28

1     20. Raymond C. Kelly, Ph.D., DABFT: Tox-Tech, 1804 Somersby
2 Way, Henderson, NV 89014; retained expert
3     21. Ted M. Kobayashi: Boster, Kobayashi & Associates, 59
4 Rickenbacker Circle, Livermore, CA 94551-2049; retained expert
5     22. Janet H. Jhoun, Ph.D.: Boster, Kobayashi & Associates, 59
6 Rickenbacker Circle, Livermore, CA 94551-2049; retained expert
7     23. Robert W. Snook: Reichenberg & Snook, P.O. Box 790, Elk
8 Grove, CA 95759; retained expert
9     24. Dean Reichenberg: Reichenberg & Snook, P.O. Box 790, Elk
10 Grove, CA 95759;  retained expert
11     25. Jeffrey L. Zehnder: Drug Detection Laboratories, Inc.,
12 9700 Business Park Drive, Ste. 406, Sacramento, CA  95827; retained
13 expert
14     26. Custodian of Records for Tempo Financial, Greenwood
15 Village, CO 80111
16     27. Ellen G. I. Clark, M.D., Washoe County Medical Examiner's
17 Office
18     28. Piotr Kubiczek, M.D.: Washoe County Medical Examiner's
19 Office
20     29. Christopher Skaff, M.D.: Tahoe Forest Hospital
21     30. Gregory Mohr, M.D.: Tahoe Forest Hospital
22     31. Frieda Hulka, M.D.: Renown Regional Medical Center
23     32. Bret Frey, M.D.: Renown Regional Medical Center
24     33. Dante Vacca, M.D.: Renown Regional Medical Center
25     34. Susan Crookham, Certifying Scientist: NMS Labs
26     35. John Knapp, Analyst: Valley Toxicology Service, Inc.
27     36. Robyn E. Sills: Pianeta Restaurant, Truckee CA
28     Each party may call a witness designated by the other.

1      A.   No other witnesses will be permitted to testify unless:

2         (1)   The party offering the witness demonstrates that the

3   witness is for the purpose of rebutting evidence which could not be

4   reasonably anticipated at the Pretrial Conference, or

5         (2)   The witness was discovered after the Pretrial

6   Conference and the proffering party makes the showing required in

7   "B" below.

8      B.   Upon the post-Pretrial discovery of witnesses, the

9   attorney shall promptly inform the court and opposing parties of

10   the existence of the unlisted witnesses so that the court may

11   consider at trial whether the witnesses shall be permitted to

12   testify.   The evidence will not be permitted unless:

13         (1)   The witnesses could not reasonably have been

14   discovered prior to Pretrial;

15         (2)   The court and opposing counsel were promptly

16   notified upon discovery of the witnesses;

17         (3)   If time permitted, counsel proffered the witnesses

18   for deposition;

19         (4)   If time did not permit, a reasonable summary of the

20   witnesses' testimony was provided opposing counsel.

21          XI.   EXHIBITS, SCHEDULES AND SUMMARIES

22      Plaintiff and Defendant intend to introduce the following

23   exhibits.   The parties have informed the Court that the inclusion

24   of an exhibit on this list is not indicative of any agreement as to

25   admissibility.

26      1.   Audiotapes of 911 call placed by  Defendant SOSNOWSKI and

27   Barbara Sosnowski.

28

1      2.    Truckee Police Department accident scene photographs -

2  4/17/11.

3      3.    Truckee Police Department accident scene photographs -

4  4/18/11.

5      4.    Truckee Police Department accident scene videotapes-

6  4/17/11.

7      5.    Truckee Police Department accident scene videotapes (re-

8  enactment) - 4/18/11.

9      6.    Truckee Police Department photographs of the Sosnowoski

10  vehicle.

11      7.    Decedent Juan Matamoros-Flores' cellular phone billing

12  records.

13      8.    Ronald Sosnowski, Barbara Sosnowski and Alec Sosnowski

14  cellular phone billing records.

15      9.    Truckee Police Department Traffic Collision Report- case

16  #11000502.

17      10.  Truckee Police Department Supplemental Report by Off. R.

18  Womack- case #11000502.

19      11.  "Supplemental Report" prepared by Truckee Police officer

20  Robert Womack - case #11000502.

21      12.  Narrative Supplement prepared by Truckee Police officer

22  Ryan Moreau -  case #11000502;

23      13.  Narrative Supplement prepared by Truckee Police Officer

24  Daniel Johnston - case #11000502.

25      14.  Supplement Report prepared by Truckee Police officer

26  William Mardison - case #1100502.

27      15.  Supplemental Report by Truckee Police officer Victors -

28  case #11000502.

16. Crime Incident Report prepared by Truckee Police officer Cory Woodard - case #1100503.

17. Valley Toxicology Service - toxicology report dated 4-27-11.

18. Investigation prepared by Truckee Police officer William Mardison - case #11000502.

19. Truckee Police Department "Agency TPD Event 21003820" form.

20. Truckee Police Department computer plotted accident scene diagram.

21. California Highway Patrol Computer Aided Dispatch (CAD) log page, and CD containing same.

22. Age 21 and Older Officer's Statement.

23. DUI Advisement of Rights, Waiver and Plea Form.

24. Videotape with audio of witness interview of Barbara Sosnowski by Truckee Police Officer Mark Victors.

25. Videotape with audio of interview of Defendant SOSNOWSKI by Truckee Police Officer Mark Victors.

26. Recall letter from Mercedes Benz, LLC.

27. "Site and Vehicle Photos" prepared by Robert W. Snook and Dean Reichenberg; Reichenberg & Snook.

28. "Site and Vehicle Video" prepared by Robert W. Snook and Dean Reichenberg; Reichenberg & Snook.

29. "Matamoros-Flores'Clothing (Photos)" prepared by Robert W. Snook and Dean.

30. "Matamoros-Flores'Clothing (Video)" prepared by Robert W. Snook and Dean Reichenberg; Reichenberg & Snook.

1    31.   Overview Site Diagram, and Site Diagrams 1 through 4,

2 inclusive, prepared by Robert W. Snook and Dean Reichenberg;

3 Reichenberg & Snook.

4    32.   Reconstruction Report dated March 8, 2012, prepared by

5 Robert W. Snook and Dean Reichenberg; Reichenberg & Snook.

6    33.   Supplemental Report dated June 13, 2012 prepared by

7 Robert W. Snook and Dean Reichenberg; Reichenberg & Snook.

8    34.   Complete file of Robert W. Snook and Dean Reichenberg;

9 Reichenberg & Snook.

10    35.   Report dated April 1, 2012 prepared by Jeffrey L.

11 Zehnder; Drug Detection Laboratories, Inc.

12    36.   Report dated June 13, 2012 prepared by Jeffrey L.

13 Zehnder, Drug Detection Laboratories, Inc.

14    37.   Complete file of Jeffrey L. Zehnder, Drug Detection

15 Laboratories, Inc.

16    38.   Report dated May 31, 2012 prepared by Raymond C. Kelly,

17 Ph.D., DABFT; Tox-Tech.

18    39.   Report dated June 27, 2012 prepared by Raymond C. Kelly,

19 Ph.D., DABFT; Tox-Tech.

20    40.   Complete file of Raymond C. Kelly, Ph.D., DABFT; Tox-

21 Tech.

22    41.   Report dated May 23, 2012 prepared by Ted M. Kobayashi;

23 Boster, Kobayashi & Associates.

24    42.   Report dated May 31, 2012 prepared by Ted M. Kobayashi;

25 Boster, Kobayashi & Associates.

26    43.   Complete file of Ted M. Kobayashi; Boster, Kobayashi &

27 Associates.

28    44.   Decedent's medical bills.

1      45.   Decedent's Funeral Expenses.

2      46.   Diagram by Barbara Sosnowski of Scene of Accident.

3      47.   Photographs of Juan Matamoros-Flores with friends and

4  family.

5      48.   Text messages print out from cellular phone of Juan

6  Matamoros-Flores.

7      49.   Text messages print out from cellular phone of MERCEDES

8  MATAMOROS.

9      50.   Photographs of accident scene by Ted Kobayashi.

10     51.   Video of accident scene by Ted Kobayashi.

11     52.   Miscellaneous photographs of accident scene from Google

12  "street view."

13     53.   Autopsy Protocol.

14     54.   Personal Note from Juan Matamoros-Flores to MERCEDES

15  MATAMOROS.

16     55.   Wire Transfer Documents from Juan Matamoros-Flores to

17  MERCEDES MATAMOROS.

18     56.   Wire Transfer Summary from Tempo Financial.

19     57.   Audiotape of DMV Hearing.

20     58.   Driving Under The Influence Standardized Field Sobriety

21  Test worksheet.

22     59.   Videotape of Deposition of Ronald Sosnowski.

23     60.   Videotape of Deposition of Barbara Sosnowski.

24     61.   Videotape of Deposition of Raymond Kelly, Ph.D.

25     62.   Clothing worn by the deceased at the time of the

26  accident.

27     Each party may use an exhibit designated by the other.

28     A.   No other exhibits will be permitted to be introduced

unless:

(1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)   The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

B.   Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility.   The exhibits will not be received unless the proffering party demonstrates:

(1)   The exhibits could not reasonably have been discovered prior to Pretrial;

(2)   The court and counsel were promptly informed of their existence;

(3)   Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.   If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days before trial. Each party is then granted five (5) days to file and serve objections to any of the exhibits.   In making the objection, the party is to set forth the grounds for the objection.   The parties shall pre-mark their respective exhibits in accord with the Court's Pretrial Order.   Exhibit stickers may be obtained through the

1   Clerk's Office.  An original and one (1) copy of the exhibits shall

2   be presented to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on

3   the date set for trial or at such earlier time as may be agreed

4   upon.  Mr. Vine can be contacted at (916) 930-4091 or via e-mail

5   at: hvine@caed.uscourts.gov.  As to each exhibit which is not

6   objected to, it shall be marked and may be received into evidence

7   on motion and will require no further foundation.  Each exhibit

8   which is objected to will be marked for identification only.

9                       XII.  <u>DISCOVERY DOCUMENTS</u>

10       The parties do not presently anticipate offering any

11   deposition testimony in lieu of live witness testimony.  All

12   depositions taken in the case may be used for impeachment,

13   rebuttal, or to refresh witness memories.  In that light, the

14   following is a list of all depositions taken in this matter:

15       A.   Mercedes Matamoros

16       B.   Ronald Sosnowski

17       C.   Barbara Sosnowski

18       D.   Myriam Imelda Lopez

19       E.   Robert Womack

20       F.   William Mardison

21       G.   Ryan Moreau

22       H.   Cory Woodard

23       I.   Raymond C. Kelly, Ph.D., DABFT

24       J.   Ted M. Kobayashi

25       K.   Janet H. Jhoun, Ph.D.

26       L.   Robert W. Snook

27       M.   Jeffrey L. Zehnder

28

1    Plaintiff will offer the following discovery responses:

2  Defendant's Responses to Special Interrogatories; Defendant's

3  Responses to Request for Admissions.   Defendant does not presently

4  contemplate offering any written discovery responses into evidence

5  at trial except for impeachment.

6                    XIII.   <u>FURTHER DISCOVERY OR MOTIONS</u>

7    Pursuant to the court's Status Conference Order, all discovery

8  and law and motion was to have been conducted so as to be completed

9  as of the date of the Pretrial Conference.   That order is

10  confirmed.   The parties are free to do anything they desire

11  pursuant to informal agreement.   However, any such agreement will

12  not be enforceable in this court.

13                        XIV.   <u>STIPULATIONS</u>

14    The Parties have stipulated that the following evidence shall

15  <u>not</u> be admissible:

16    A.    That Ronald Sosnowski was experiencing symptoms related

17  to Meniere's Disease at the time of the accident;

18    B.    Any evidence related to the front grille cover of the

19  subject Mercedes G500 causing decreased luminescence of the

20  headlights or being a contributing factor in this accident or the

21  recall of the Mercedes G500 to address this issue;

22    C.    Any evidence related to the contributory negligence of

23  any entity or person for the lack of road markings or striping on

24  Donner Pass Road at the time of the accident; and

25    D.    Any traffic collision reports.

26                    XV.   <u>AMENDMENTS/DISMISSALS</u>

27    No amendments to the pleadings, dismissals, additions or

28  substitutions of parties are contemplated.

1

XVI.   FURTHER TRIAL PREPARATION

2      A.   Counsel are directed to Local Rule 285 regarding the

3 contents of trial briefs.  Such briefs should be E-filed seven (7)

4 days prior to trial, i.e., September 17, 2012.

5      B.   Counsel are further directed to confer and to attempt to

6 agree upon a joint set of jury instructions.  The joint set of

7 instructions shall be lodged via ECF with the court clerk seven (7)

8 calendar days prior to the date of the trial, i.e., September 17,

9 2012, and shall be identified as the "Jury Instructions Without

10 Objection."  As to instructions as to which there is dispute the

11 parties shall submit the instruction(s) via ECF as its package of

12 proposed jury instructions three days before trial, i.e., September

13 21, 2012.  This package of proposed instructions should not include

14 the "Jury Instructions Without Objection" and should be clearly

15 identified as "Disputed Objections" on the proposed instructions.

16      The parties shall e-mail a set of all proposed jury

17 instructions in word or wpd format to the Court's Judicial

18 Assistant, Jane Pratt, at: jpratt@caed.uscourts.gov.

19      C.   It is the duty of counsel to ensure that any deposition

20 which is to be used at trial has been lodged with the Clerk of the

21 Court pursuant to Local Rule 133(4)(j).  The depositions shall be

22 lodged with the court clerk seven (7) calendar days prior to the

23 date of the trial.  Counsel are cautioned that a failure to

24 discharge this duty may result in the court precluding use of the

25 deposition or imposition of such other sanctions as the court deems

26 appropriate.

27      D.   The parties are ordered to E-file with the court and

28 exchange between themselves not later than one (1) week before the

1  trial a statement designating portions of depositions intended to

2  be offered or read into evidence (except for portions to be used

3  only for impeachment or rebuttal).

4      E.    The parties are ordered to E-file with the court and

5  exchange between themselves not later than one (1) week before

6  trial the portions of Answers to Interrogatories which the

7  respective parties intend to offer or read into evidence at the

8  trial (except portions to be used only for impeachment or

9  rebuttal).

10     F.    Each party may submit proposed voir dire questions the

11 party would like the court to put to prospective jurors during jury

12 selection.  Proposed voir dire should be submitted via ECF one (1)

13 week prior to trial.

14     G.    Each party may submit a proposed verdict form that the

15 party would like the Court to use in this case.  Proposed verdict

16 forms should be submitted via ECF one (1) week prior to trial.

17     H.    In limine motions shall be E-filed separately at least ten

18 (10) days prior to trial, i.e., September 14, 2012.  Opposition

19 briefs shall be E-filed five (5) days prior to trial, i.e.,

20 September 19, 2012.  No reply briefs may be filed.

21               XVII.   SETTLEMENT NEGOTIATIONS

22     No further formal settlement negotiations will be set by the

23 Court.

24               XVIII.   AGREED STATEMENTS

25     See paragraph III, *supra*.

26               XIX.   SEPARATE TRIAL OF ISSUES

27     The parties initially requested a separate trial of the issue

28 of exemplary damages.  Plaintiff has withdrawn his claim for

1  exemplary damages (see section IX, *supra*).

2               XX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

3       The parties agree that neither the appointment of impartial

4  expert witnesses, nor a limitation on the number of expert

5  witnesses is advisable.

6                      XXI.   ATTORNEYS' FEES

7       The matter of the award of attorneys' fees to prevailing

8  parties pursuant to statute will be handled by motion in accordance

9  with Local Rule 293.

10                     XXII.   MISCELLANEOUS

11      The parties have nothing further to add.

12           XXIII.   ESTIMATE OF TRIAL TIME/TRIAL DATE

13      The parties estimate eight (8) to ten (10) court days for

14 trial.  Trial will commence on September 24, 2012, at 9:00 a.m.

15      Counsel are to call Harry Vine, Courtroom Deputy, at

16 (916) 930-4091, one week prior to trial to ascertain the status of

17 the trial date.

18      IT IS SO ORDERED.

19      DATED: August 29, 2012.

20                              /s/ John A. Mendez
                                _____
21                              JOHN A. MENDEZ
                                United States District Court Judge

22

23

24

25

26

27

28